NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
30085
17-MAY-2013
10:59 AM**

NO. 30085


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MARSHALL KENNETH FLOWERS, Plaintiff-Appellant, v.
UNITED SERVICES AUTOMOBILE ASSOCIATION, Defendant-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 02-1-1679)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Fujise and Leonard, JJ.)

Plaintiff-Appellant Marshall Kenneth Flowers (Flowers) timely appeals from the interlocutory order granting Defendant-Appellee United Services Automobile Association's (USAA) motion to enforce the settlement agreement, entered on September 10, 2009 in the Circuit Court of the First Circuit (Circuit Court).[1]

On appeal, Flowers argues two major points. He argues that the Circuit Court erred in (1) finding that he voluntarily entered into an agreement to terminate all claims not before the court; and (2) finding that it had jurisdiction to grant USAA's motion to enforce settlement.

This action stems from insurance claims made by renters' insurance policyholder Flowers with his carrier, USAA. Claim 1 involved the loss of certain household items, including a weight bench, during Flowers's move to Australia. Claim 2 pertained to the loss of a suitcase during a trip Flowers took between Hawai'i and Florida. When Flowers and USAA could not

---

[1] The Honorable Victoria S. Marks presided.

agree on an adjustment of these claims, Flowers brought suit against USAA, asserting claims of (1) breach of contract and (2) bad faith arising from USAA's denial of some of Flowers's claims.

On March 30, 2005, the Circuit Court entered a final judgment in favor of USAA and against Flowers on all asserted claims; Flowers appealed.

On July 30, 2008, this court concluded that

> issues of material fact exist regarding whether USAA breached Policy 1 with respect to Flower's claim for replacement cost of the weight bench, whether USAA's denial of payment for the weight bench was in bad faith, and whether USAA's delay in paying replacement costs for the other Claim 1 items was in bad faith.

Flowers v. United Services Auto. Ass'n, 118 Hawai'i 317, 188 P.3d 831, Nos. 27057, 27128, and 27229, 2008 WL 2971478 at *26 (App. July 30, 2008)(mem.) (Flowers I). We therefore vacated and remanded (1) the March 30, 2005 judgment of the circuit court; (2) the Order Granting USAA's Motion for Summary Judgment filed on April 12, 2004, and (3), the Order Granting USAA's Motion for Attorney's Fees and Costs filed on August 25, 2004. Id. at *26. Summary judgment in favor of USAA with regard to Claim 2 was affirmed. Id. at *23.

Upon remand, the parties met with the Circuit Court for, inter alia, a settlement conference. After lengthy discussion, Flowers offered the following terms: "I will accept, if they contribute 1500 to the [Hawaii High School Athletic Association] . . . and just gave me 5,000, I would settle for today." However, Flowers subsequently refused to sign the written settlement agreement and stipulation for dismissal. The Circuit Court did not dismiss the case but upon USAA's motion, entered an order to enforce the settlement agreement. From that interlocutory order, Flowers appeals.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as the

2

relevant statutory and case law, we resolve USAA's challenge to jurisdiction and Flowers's points of error as follows:

(1) This court has jurisdiction of this appeal under the collateral order doctrine. "[C]ertain collateral orders affecting rights which are independent of, and separable from, the rights asserted in the main action are immediately appealable since they may not be effectively reviewable and rights could be lost, perhaps irretrievably, if review invariably had to await final judgment. Siangco v. Kasadate, 77 Hawai'i 157, 161, 883 P.2d 78, 82 (1994) (citations and internal quotations omitted). "In order to fall within the narrow ambit of the collateral order doctrine, the 'order must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment.'" Id. In this case, the September 10, 2009 order granting USAA's motion to enforce the settlement agreement satisfies all three Siangco prongs and is an appealable interlocutory order under the collateral order doctrine. See Cook v. Surety Life Ins., Co., 79 Hawai'i 403, 407-08, 903 P.2d 708, 712-13 (App. 1995).

(2) We review "the totality of the circumstances surrounding the making of the agreement" in order to "ensure that the purported compromise agreement sought to be enforced is truly an agreement of the parties." Assocs. Fin. Servs. Co. of Hawai'i v. Mijo, 87 Hawai'i 19, 28-29, 950 P.2d 1219, 1228-1229 (1998) (citations and internal quotation marks omitted). In this case, we have the benefit of a transcript of the settlement discussions, which reveal repeated requests to Flowers that he provide his position regarding the total amount he sought to settle the entire case, his eventual response, which was accepted by USAA, and a discussion of the procedures that were to follow, including the preparation of a stipulation for dismissal. We agree with the Circuit Court that it was "clear that a settlement resolved everything with the case," and that "the entire case would be concluded."

3

(3)   The Circuit Court had the authority to enter its order to enforce the settlement agreement.   This court's judgment on appeal vacated the judgment and order granting summary judgment to USAA with regard to the weight bench issues and remanded the case "for further proceedings consistent with this opinion."   Flowers I at *26.   Enforcing a settlement agreement which disposed of the entire case was not inconsistent with that mandate.   Flowers's challenge to the Circuit Court's jurisdiction is without merit.

Therefore,

IT IS HEREBY ORDERED that the September 10, 2009 interlocutory order granting Defendant-Appellee USAA's motion to enforce the settlement agreement entered by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, May 17, 2013.

On the briefs:

Marshall K. Flowers,
Plaintiff-Appellant, pro se.

Terrance M. Revere and
Katie L. Lambert
(Motooka & Yamamoto),
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge

4